[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13565
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cr-00004-RH-1

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

JACOB PAUL TOOLE,
a.k.a. Jacob Toole,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 8, 2018)

Before JULIE CARNES, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Jacob Toole appeals the 117-month sentence the district court imposed after he pled guilty to possession with intent to distribute 50 grams or more of methamphetamine.  He argues that his sentence is substantively unreasonable because the district court considered material protected by U.S.S.G. § 1B1.8.  After careful review, we affirm.

## I.    BACKGROUND

Toole was arrested in possession of eight ounces of methamphetamine and indicted on one count of possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii).  He pled guilty pursuant to a plea agreement.

Before sentencing, the probation office prepared a presentence investigation report ("PSI"), which recounted that the statutory term of imprisonment for Toole's offense was 5 to 40 years.  Based upon a total offense level of 29—which included a two-level reduction for acceptance of responsibility and an additional one-level reduction because Toole timely notified the authorities of his intention to plead guilty, under U.S.S.G. § 3E1.1(a) and (b), respectively—and a criminal history category of V, Toole's advisory Sentencing Guidelines range was 140 to 175 months' imprisonment.  In a section of the PSI entitled "Proffer of Jacob Paul Toole," the PSI stated that following Toole's arrest by state law enforcement

2

officials for the same conduct that formed the basis of the offense of conviction and before he was charged in a federal indictment, he was released from state custody and traveled to Georgia, where he purchased one ounce of methamphetamine. It indicated that Toole consumed most of the ounce and sold a small amount of it.

The PSI included a section on "Protected Information Covered by § 1B1.8," which protects self-incriminating information provided by a defendant from being used against him. This section indicated that Toole had provided information to the government about the unlawful activities of others and that the government had agreed that any self-incriminating information Toole provided during this cooperation would not be used against him or to determine the applicable guidelines range, except to the extent set forth in the plea agreement.

During Toole's sentencing, the district court initially imposed a sentence of 120 months' imprisonment. The district court stated that it had considered all of the factors set forth in 18 U.S.C. § 3553(a), including the fact that after Toole's release from state custody he traveled to Georgia to purchase one ounce of methamphetamine and sold a small amount of it. Defense counsel questioned whether Toole's involvement with methamphetamine after his release from state custody was information provided during the protected U.S.S.G. § 1B1.8 proffer. The district court responded with its understanding that the information was not

protected by § 1B1.8, but then stated that the court did not "want anybody suggesting that proffered information increased [Toole's] sentence." Doc. 41 at 18.[1] The court therefore decided to give Toole "the benefit of the doubt" and reduced his sentence to 117 months. *Id.*

## II.    STANDARD OF REVIEW

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" set forth in 18 U.S.C. § 3553(a). *Id.* (internal quotation marks omitted).[2] "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted). The

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

[2] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. These purposes include: the need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)(7).

weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

## III.   DISCUSSION

Toole argues that the sentence the district court imposed was substantively unreasonable because the court considered material that was protected under U.S.S.G. § 1B1.8. Toole acknowledges that the district court reduced his sentence from 120 months to 117 months in response to his objection, but he argues that this reduction was insufficient because the district court underestimated the aggravating value of the protected material. We discern no abuse of discretion.

The party challenging the sentence bears the burden to show it is unreasonable. *United States v. Tome*, 611 F.3d. 1371, 1378 (11th Cir. 2010). Although we do not automatically presume a sentence falling within the guidelines range to be reasonable, we ordinarily expect it to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). We will not second guess the weight, or lack thereof, that a district court accorded to a given factor as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented. *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010).

Under U.S.S.G § 1B1.8, if a defendant agrees to cooperate with the government by providing information concerning the unlawful activities of others, and the government agrees that any self-incriminating information revealed during

that cooperation will not be used against the defendant, such information shall not be used in determining the applicable guidelines range. This restriction does not apply to information known to the government before the defendant enters into the cooperation agreement. U.S.S.G § 1B1.8(b)(1).

It appears that the information contained in the "Proffer of Jacob Paul Toole" section of the PSI was part of the "Protected Information Covered by § 1B1.8." The "Protected Information Covered by § 1B1.8" section stated the parameters of Toole's cooperation agreement with the government, including that any self-incriminating information revealed during Toole's cooperation would not be used against him. The facts in the "Proffer of Jacob Paul Toole" section were obtained during an interview with federal agents and thus were covered by the cooperation agreement. The PSI noted, however, that the government already had knowledge of the eight ounces of methamphetamine seized from Toole at the time of his arrest.

But even if the district court initially relied upon information that was protected by U.S.S.G § 1B1.8, the court corrected the error by reducing Toole's sentence by three months and by providing sufficient reason for this reduction. Although the district court apparently believed that the information was not protected, the court expressly did not base Toole's sentence on it. The court listed a number of mitigating and aggravating factors, and then upon realizing that it may

have considered protected information, reduced the sentence.  Given the other factors the district court considered, the court was well within its discretion to decide that a three month reduction was an appropriate remedy for the possible consideration of protected material.

The district court imposed a sentence sufficient, but not greater than necessary, to achieve the sentencing purposes set forth in 18 U.S.C. § 3553(a) and sentenced Toole below the advisory guidelines range of 140-175 months.  The sentence ultimately imposed was reasonable in light of all the circumstances presented.

**AFFIRMED.**